IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>RAY DEAN BIRD,<br><br>     Defendant. | CR-21-30-GF-BMM<br><br>**O**RDER |

  This Order addresses three pending motions (Docs. 17, 19, 21) filed by the Defendant Ray Dean Bird ("Bird"). Bird first moves to dismiss the Indictment pursuant to Rule 7(c) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution. (Doc. 17). Bird also advances a Motion for a Rule 14 Severance (Doc. 19), and a Motion for a Bill of Particulars (Doc. 21). The Court held a hearing on these motions on August 16, 2021.

## FACTUAL AND PROCEDURAL BACKGROUND

  A federal grand jury handed down a six-count Indictment against Bird on May 6, 2021. (Doc. 2). The Indictment charges Bird with two counts of Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. §§ 1153(a) and

2241(c) ("Count I" and "Count IV"), two counts of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153(a) and 2244(a)(5) ("Count II" and "Count V"), and two counts of Incest, in violation of 18 U.S.C. § 1153(b) and Mont. Code Ann. §§ 45-5-507(1) and (5) ("Count III" and "Count VI"). (Doc. 2). Each count alleges that the offense conduct occurred "in or between June 2009 and June 2012." *Id.* The Indictment identifies two victims, Jane Doe 1 (named in Counts I, II, and III), and Jane Doe 2 (named in Counts IV, V, and VI). *Id.*

## DISCUSSION

I.  **Motion to Dismiss (Doc. 17)**

Bird moves to dismiss the Indictment on two grounds. (Doc. 18). Bird first argues that the Indictment fails to meet the constitutional sufficiency standard. *Id.* at 3–4. Bird also seeks dismissal on the grounds that prejudicial pre-Indictment delay has violated his due process rights under the Fifth Amendment. *Id.* at 5–17. The Court will deny the Motion to Dismiss on both grounds.

  a.  **Whether the Indictment proves constitutionally sufficient.**

Bird contends that the Indictment fails to fairly inform him of the charges against which he must defend. (Doc. 18 at 4). The Sixth Amendment to the United States Constitution provides those accused of a crime the right "to be informed of the nature and cause of the accusation." To that end, the Federal Rules of Criminal Procedure require that a criminal indictment contain "a plain, concise, and definite

written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); *United States v. Meech*, 487 F. Supp. 3d 946, 949 (D. Mont. 2020).

Courts must review an indictment "in its entirety," and "with common sense and practicality," to determine "whether [the indictment] conforms to the minimal constitutional standards." *Meech*, 487 F. Supp. 3d at 949 (citations omitted). An indictment passes constitutional and procedural muster if it "state[s] the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and enable him to plead double jeopardy." *Id.* (quoting *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000)). An indictment generally proves sufficient where it "set[s] forth the offense in the words of the statute itself." *Hamling v. United States*, 418 U.S. 87, 117 (1974). That statutory language must be accompanied, however, "with such a statement of the facts and circumstances as will inform the accused of the specific offen[s]e, coming under the general description, with which he [or she] is charged." *Id.* at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

Bird does not raise a challenge to the Indictment's recitation of each count's general elements. Bird instead contends that the language of each cited statute "is not accompanied by sufficient detail concerning when during the vast timeframe acts occurred against which [Bird] must defend." (Doc. 18 at 4). The Government

3

responds that the three-year timeframe listed in the Indictment accounts for "the broad swath of time in which [Bird] [allegedly] repeatedly committed sexual abuse against [the victims] in multiple locations and at multiple times." (Doc. 30 at 4).

The Indictment against Bird largely tracks the language of the criminal statutes in outlining each element in the offenses charged. *See* Doc. 2. The question then turns on whether the Indictment provides sufficient information to adequately inform Bird of the charges against him. *Hamling*, 418 U.S. at 119.

The Court has reviewed the Indictment and determines that its language proves sufficient to apprise Bird of the charges that he faces. Although Bird would prefer more specific dates for the alleged crimes, courts in fact permit "great generality in the allegation of date" in an indictment. *United States v. Nunez*, 668 F.2d 10, 11–12 (1st Cir. 1981) (quoting 1 Wright, Federal Practice & Procedure § 125 at 246–47). This generality holds particularly true in cases where, as here, the allegation of time "is not regarded as . . . an essential element of the crime." *Id.* at 12 (quoting Wright, at 247).

The crimes charged in the Indictment include no temporal limitation or requirement, beyond the ages of the victims and Bird at the time of the offenses. *See* Doc. 2. Counts I through VI require, as an element of each offense, that the respective victims were either "12 years of age or younger," (Counts III, VI), or

"had not reached twelve years of age," (Counts I, II, IV, V).  Reading the Indictment "to include facts which are necessarily implied," the Court infers that both victims remained below the age of 12 throughout the three-year timespan from June 2009 to June 2012. *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982); *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976) ("[An indictment] must be read to include facts which are necessarily implied by the allegations made therein."). Counts III and VI allege that Bird violated Montana's incest statute, Mont. Code Ann. § 45-5-507(1), (5), which includes a requirement that Bird "was 18 years of age or older at the time of the offense." The Court further infers, therefore, that Bird had exceeded the age of 18 by June 2009. The Indictment adequately performs its function of informing Bird of the charges against which he must defend. (Doc. 2).

      **b.**    **Whether Bird was prejudiced by impermissible pre-Indictment delay.**

Bird next argues in his Motion to Dismiss (Doc. 17) that the Government violated his due process rights by impermissible pre-Indictment delay. The Government counters that Bird fails to meet the requisite standard to succeed on his motion, as he alleges only prospective, rather than actual, prejudice from the delay. (Doc. 30 at 5–9).

The Fifth Amendment to the United States Constitution "guarantees that defendants will not be denied due process as a result of excessive pre-indictment

delay." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). To succeed on a due process claim of impermissible pre-indictment delay, a defendant must satisfy both parts of a two-prong test. *Id*. The defendant first must prove non-speculative, actual prejudice from the delay. *Id*. (quoting *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)). The defendant second must show that the delay "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* (internal quotations omitted). Only after the defendant has proven actual prejudice may the court move to application of the test's second prong. *Id.* (citing *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005)). Defendants rarely meet the "heavy burden" of establishing actual prejudice. *Id.* (quoting *Huntley*, 976 F.2d at 1290).

     The Indictment charges Bird with crimes arising from conduct that allegedly occurred between June 2009 and June 2012. (Doc. 2). Bird supports his due process claim by arguing that an "almost a decade[-]long delay" has occurred in returning the Indictment. (Doc. 18 at 17). The Government clarifies the record, as the juvenile victims did not disclose Bird's alleged conduct until 2017. (Doc. 30 at 6). The Government calculates the pre-Indictment delay, therefore, as spanning "approximately 51 months from that initial disclosure until the return of the indictment." *Id.*

The Court has reviewed Bird's motion and finds no factual allegations of actual prejudice. *See* Doc. 18. Bird instead makes broad claims that the passage of time may result in dimmed memories, inaccessibility of witnesses, or lost evidence. Bird contends that he cannot form a defense because "law enforcement did not begin investigating this case until many years had passed." (Doc. 18 at 11). Bird complains that his defense would be prejudiced by law enforcement's lack of contemporaneous investigation of the charges—including identifying witnesses, obtaining statements, compiling police reports, or preserving evidence—until well after the June 2009 to June 2012 timeframe.

The Court reiterates to Bird that the allegations resulting in the Indictment did not surface until the victims made their first reports in 2017. The Court cannot require divine omniscience from law enforcement regarding its investigation of alleged crimes not disclosed contemporaneously with the crimes' occurrence. At any rate, any negative effects upon Bird's defense that may result from the victims' delayed disclosure also plague the Government's case-in-chief, as Bird remains free to attack the Government's case through cross-examination regarding the reasons for the delayed reporting, the lack of specificity regarding the time of the offenses, and the lack of contemporary witnesses. Bird has failed to show actual prejudice resulting from the pre-Indictment delay. The Court will deny Bird's Motion to Dismiss (Doc. 17).

## II.     Motion for Rule 14 Severance (Doc. 19)

Bird also moves to sever Counts I through III from Counts IV through VI, under Rule 14 of the Federal Rules of Criminal Procedure. (Doc. 19). Rule 14 provides courts with discretion to sever counts in an indictment where it appears the defendant stands unduly prejudiced by joinder of offenses. Bird contends that joinder of the trials against him will result in undue prejudice to his defense. (Doc. 20). The government contends that the alleged crimes involved two defendants at the same times and in the same locations. (Doc. 31). In fact, the government points out that the two victims likely will testify as witnesses to the abuse of the other. *Id.*

The United States Supreme Court has held that proper jury instructions alleviate any risk of prejudice posed by joint trials. *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998) (citing *Zafiro v. United States*, 506 U.S. 534, 540–41 (1993)). The Court declines to exercise its discretion to sever the Counts against Bird. The Court denies without prejudice Bird's Motion for Severance (Doc. 19). Bird may renew his motion at trial after the Court has heard the evidence, and explain why a limiting jury instruction will not sufficiently cure any risk of prejudice to Bird.

### III. Motion for Bill of Particulars (Doc. 21)

Bird's final motion requests a bill of particulars detailing the charges against him. (Doc. 21). The Government responds that its voluminous discovery disclosures have obviated any speculative need for a bill of particulars. (Doc. 32).

A bill of particulars consists of a formal statement, in addition to the indictment, prepared by the prosecutor, meant to "apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). A court tasked with determining the propriety of issuance of a bill of particulars "should consider whether the defendant has been advised adequately of the charges and all other disclosures made by the government." *Id.*

The Government has provided Bird with "over 600 pages of discovery (helpfully indexed for the defendant's convenience) as well as copies of audio and video recordings of the interviews of both victims." (Doc. 32 at 4). The Government insists that these interviews explicitly describe the allegations of sexual abuse against Bird, including locations and time frames. *Id.*

Any need for a bill of particulars has been obviated by Bird's receipt of full discovery from the Government. *See Long*, 706 F.2d at 1054. Accordingly, any records subject to discovery obtained by the government between now and trial

9

are to be timely disclosed to Bird. Under these circumstances, the Court declines to exercise its discretion to require issuance of a bill of particulars and will deny Bird's motion.

## ORDER

Accordingly, **IT IS HEREBY ORDERED**:

1. Bird's Motion to Dismiss (Doc. 17) is **DENIED**.

2. Bird's Motion to Sever (Doc. 19) is **DENIED** without prejudice.

3. Bird's Motion for a Bill of Particulars (Doc. 21) is **DENIED**.

Dated this 19th day of August, 2021.

_____
Brian Morris, Chief District Judge
United States District Court