IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>RAY DEAN BIRD,<br><br>            Defendant. | CR-21-30-GF-BMM<br><br>**ORDER** |

## INTRODUCTION

Defendant Ray Dean Bird ("Bird") has filed a Motion to Dismiss (Doc. 89) that asks this Court to dismiss his Indictment pursuant to the Fifth and Sixth Amendments of the United States Constitution for pre-indictment delay. The Court held a hearing on the matter on December 13, 2021, in Great Falls, Montana. For the following reasons, the Court denies Bird's Motion to Dismiss (Doc. 89).

## BACKGROUND

The Indictment charged Bird in May 2021 with two counts of Aggravated Sexual Abuse of a Child in violation of Title 18 U.S.C. §§ 1153(a) and 2241(c) (Counts I and IV), two counts of Abusive Sexual Contact in violation of Title 18 U.S.C. §§ 1153(a) and 2244(a)(5) (Counts II and V), and two counts of Incest in

violation of Title 18 U.S.C. § 1153(b) and Mont. Code Ann. § 45-5-507(1) and (5) (Counts III and VI). (Doc. 2). This Court dismissed Counts III and VI for Incest on November 17, 2021. (Doc. 82).

The Government accuses Bird of having inappropriate sexual contact with girls under the age of 12 years old in Browning. (Doc. 2). The alleged conduct happened between June 2009 and June 2012. *Id.* Jane Doe 1 first brought forth allegations on June 22, 2011. (Doc. 90-1 at USAO 288). The Government's investigation did not begin, however, until December 17, 2012. *Id.* at USAO 269. The Grand Jury indicted Bird on May 6, 2021, 101 months after the start of the investigation. (Doc. 2)

Bird filed a previous Motion to Dismiss for pre-indictment delay (Doc. 17), a Motion for Rule 14 Severance (Doc. 19), and a Motion for Bill of Particulars (Doc. 21). The Court denied all of these motions on August 19, 2021. (Doc. 41). Since that time, Bird has obtained new counsel and claims that the landscape has "dramatically changed" from the time that the Court last evaluated Bird's Motion to Dismiss for pre-indictment delay (Doc. 17). (Doc. 89 at 2). Bird now brings this renewed Motion to Dismiss and claims that he has suffered actual prejudice from the 101-month delay before his indictment.

## LEGAL STANDARD

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir.1989)). To establish a denial of due process from pre-indictment delay, a criminal defendant must first establish that they suffered "actual, non-speculative prejudice from the delay." *Id.* (quoting *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)). "Second, the length of the delay is weighed against the reasons for the delay, and [the defendant] must show that the delay 'offends those fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Id.* (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1992). The second prong does not apply if actual prejudice cannot be shown. *Id.*

Establishing prejudice presents a heavy burden and is rarely met. *Id.* (citing *Huntley*, 976 F.2d at 1290). "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *Id.* (quoting *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir.1995). A court's dismissal under of Fed. R. Crim. P. 48 "should only be imposed in extreme circumstances." *United States v. Yuan Qing Jiang*, 214 F.3d 1099, 1101 (9th Cir. 2000).

## ANALYSIS

**I. Bird fails to establish actual, non-speculative prejudice**

Bird claims that pre-indictment delay violated his due process rights. Specifically, Bird claims that he has suffered actual prejudice because the Government waited 101 months after the start of the investigation to indict him. As a result of the delay, Bird argues that he has lost a possible alibi defense, lost possible witness testimony, lost potential physical evidence, and lost a recantation from Jane Doe 2. All of these claims of prejudice are speculative.

### a. Loss of Alibi Defense

Bird's first claim of prejudice relates to the loss of a possible alibi defense. Bird argues that if he had been indicted in 2012 or 2013, he could have produced evidence to show where he was during times of the alleged abuse. (Doc. 90 at 10-11). Bird asserts that he cannot now be expected to prove where he was during the alleged time of the abuse due to the fact that the Government has delayed for 101 months before bringing the Indictment. *Id.*

Bird's arguments rely on speculation. Bird points to a Blackfeet Tribal Court order in 2008 that removed Jane Doe 1 and Jane Doe 2 from the home where Bird was living with his then girlfriend, the mother of both Jane Doe 1 and Jane Doe 2. (Doc. 90-4). Bird argues that the Blackfeet Tribal Court's order would have helped him find witnesses who could testify that he was never alone with Jane Doe 1 and

Jane Doe 2 during the timeframe of the alleged abuse. Bird fails to identify the potential witness, or witnesses, who could have provided an alibi for him with the required "specificity." See *United States v. Gilbert*, 266 F.3d 1180, 1187 (9th Cir. 2001). Bird points to no potential witnesses or even the testimony that any potential witnesses could give. Bird instead speculates that the Blackfeet Tribal Court's order removing Jane Doe 1 and Jane Doe 2 from the home in 2008 could have helped him find a potential alibi witness. Bird claims that this potential witness could have supported an alibi to prove that he was never alone with the Jane Doe 1 and Jane Doe 2 if the Government had charged him earlier.

*Corona-Verbera* addressed a similar issue. 509 F.3d at 1113. The defendant suffered an eight-year delay between his indictment and arrest that he claimed resulted in the loss of potential witnesses. *Id.* at 1111. The Ninth Circuit determined that the defendant had not suffered actual prejudice because the government brought the indictment within the statute of limitations. *Id.* at 1113. The Ninth Circuit further reasoned that the defendant's arguments were "based on generalized speculation as to what lost or deceased witnesses would have said." *Id.* The Ninth Circuit noted that the defendant's failure to provide any non-speculative proof as to the testimony of the lost witnesses resulted in no actual prejudice having been shown. *Id.*

Bird also presents arguments based on generalized speculation. Bird fails to show any non-speculative proof that the witness testimony would have provided him with an alibi. Bird fails to show the actual prejudice required to support a denial of due process. *Id.* at 1112.

### b. Loss of Witness Testimony

Bird's second claim of prejudice alleges that the pre-indictment delay caused the loss of two potentially favorable witnesses in R-Lynn Littledog and Lisa Butterfly. Littledog died in 2015. (Doc. 90 at 3). Bird claims that Littledog would have testified that Jane Doe 1 had made similar allegations against him before his conviction. *Id.* at 11. Bird argues that Littledog would have testified that Jane Doe 1 later recanted her statements and admitted after Littledog's conviction that she had lied. *Id.* Butterfly, Jane Doe 1's aunt, is also dead. (Doc. 105 at 4). Bird claims that Jane Doe 1 told Butterfly about Bird's sexual advances. Bird now asserts that he cannot confront Butterfly regarding possible inconsistent statements and recantations necessary for his defense. *Id.*

To prove that lost testimony would result in actual prejudice, the defendant must offer "definite and non-speculative" evidence. *United States v. Bischel*, 61 F.3d 1429, 1436 (9th Cir. 1995); see also *United States v. Mills*, 280 F.3d 915, 920 (9th Cir. 2002). A defendant's assertion of actual prejudice stemming from the loss

of critical witness testimony must be substantiated by "specific evidence." *Gilbert*, 266 F.3d at 1187.

Bird fails to show "definite and non-speculative" and "specific" evidence that Littledog's and Butterfly's lost testimony establishes actual prejudice. *Bischel*, 61 F.3d at 1436; *Mills*, 280 F.3d at 920. Bird speculates as to what Littledog and Butterfly would have testified before their deaths. Both witnesses are dead. Bird cites to new statements on interviews with law enforcement from either Littledog or Butterfly to support his claim. No way exists of knowing whether the testimony of either person would have been favorable to Bird. More importantly, Bird has failed to bring forth any evidence to support his assertion that either person's testimony would have been favorable or that the absence of their testimony would result in actual prejudice.

Finding that actual prejudice exists for the loss of Littledog's and Butterfly's testimony under these circumstances would conflict with the reasoning in both *Corona-Verbera* and *Gilbert*. In *Corona-Verbera*, as stated above, the Ninth Circuit held that the defendant had not suffered actual prejudice because defendant's arguments were "based on generalized speculation as to what lost or deceased witnesses would have said." 509 F.3d at 1113. The case presents no difference. Bird's arguments generally speculate as to what both witnesses would have said.

In *Gilbert*, the defendant claimed that the pre-indictment delay caused actual prejudice because two witnesses were no longer able to remember their conversations with him and another witness developed mental incompetence. 266 F.3d at 1187. The district court concluded that the defendant's claims were "purely speculative because his assertions that critical testimony was lost are not substantiated by any specific evidence." *Id.* The Ninth Circuit affirmed and held that "[a] simple allegation that testimony was lost is not enough."

Like the defendant in *Gilbert*, Bird's simple allegation of Littledog's and Butterfly's lost testimony fails to demonstrate actual prejudice. Bird's claim arises from speculation as to what both witnesses might have said and lacks specific evidence. Bird fails to show the actual prejudice required to establish a due process violation. *Corona-Verbera*, 509 F.3d at 1112.

### c. Loss of Physical Evidence and Jane Doe 2's Alleged Recantation

Bird's third claim of prejudice alleges that the pre-indictment delay has caused the loss of physical evidence. (Doc. 90 at 12). Bird first asserts that the possibility of obtaining any surveillance footage from the Browning school, or on the school bus, has been lost due to the Government's pre-indictment delay. *Id.* Bird claims that the surveillance video could have shown his whereabouts and identified potential witnesses during the times when Jane Doe 1 alleges that Bird abused her in a school in Browning and on a bus during a field trip. *Id.*

Bird also argues that other physical evidence has been lost in the pre-indictment delay. This evidence includes a recorded interview or report with Jane Doe 1 in which she recants her Littledog accusations, a recorded interview or report with Jane Doe 2 in which she recants her Bird allegations, a physical examination of Jane Doe when she was 7 years old, text messages phone records, records of Jane Doe 1 and 2's locations, and reports or investigative records from 2012-2013. *Id.* at 12-13.

The Court agrees with the Government that these items of potential evidence present generic speculative claims. No evidence has been presented that any of the physical evidence actually existed at any time, or, if it did exist, that its loss would rise to the level of actual prejudice to Bird that would warrant a dismissal. As pointed out in the Government's brief, the Ninth Circuit routinely has rejected the speculative conjecture that a loss of potential physical evidence rises to the level of actual prejudice. (Doc. 101 at 7-8). Bird fails to show actual prejudice.

## CONCLUSION

Bird fails to establish that he suffered non-speculative, actual prejudice as a result from the pre-indictment delay. Notably, Bird cites no case where the same alleged hardships from the delay has been deemed to constitute actual prejudice.

9

Accordingly, because Bird fails to establish actual prejudice, no analysis is necessary for the second prong of *Corona-Verbera*'s due process violation test.

## ORDER

Accordingly, **IT IS ORDERED** that Bird's Motion to Dismiss (Doc. 89) is **DENIED**.

Dated the 5th day of January, 2022.

_____
Brian Morris, Chief District Judge
United States District Court